HEARD APRIL TERM, 1871.

## BROWN *vs.* DUNLAP.

The English rule of Court of Hilary Term, 1834, that in an action on the case against a common carrier, the plea of not guilty will not operate as a denial " of the receipt of the goods by the defendant, as a carrier, for hire, or of the purposes for which they were received," was not made of force in this State by the 87th rule of Court of 1837.

BEFORE THOMAS, J., AT LANCASTER, OCTOBER TERM, 1870.

This was an action on the case against the defendant as a common carrier. There was a verdict for defendant, and his Honor granted a new trial, by an order as follows:

"The presiding Judge charged the jury in this case that the defendant having plead the general issue alone, he was precluded from shewing that he was not a common carrier, as alleged in the declaration. This was done under the impression that the rules of Hilary Term were made of force by the rules of Court in 1837. The charge in the declaration was, that the defendant was in charge of a ferry at which the plaintiff lost his team. The defendant wanted to show that the ferry was the property of another person.

"On hearing the argument of counsel, for and against this motion, it is ordered that a new trial be granted, and that the verdict of the jury and judgment thereon be vacated."

The plaintiff appealed from the order granting a new trial, and now moved this Court to vacate the same, on the grounds:

1. Because, by the 87th Rule of Court, as adopted by the late Court of Appeals of this State, in the year 1837, the rules of Westminster, in England, as adopted at Hilary Term, were of force in the State of South Carolina, and binding at the time of the trial of this action; and it is respectfully submitted that the Circuit Judge erred in granting a new trial, "under the impression that the rules of Hilary Term were not made of force by the rules of our Court, passed in 1837."

2. Because the defendant, by his plea of the general issue in an action on the case, had precluded himself from denying his responsibility as a common carrier, and the Judge's charge to the jury, on the trial to this effect, was correct, and his recent order conveying the opposite idea is erroneous.

3. Because the Judge's charge to the jury, on this point, *if erroneous*, was an error of law, and could only be properly corrected on appeal to the Supreme Court; and it *was not a ground for new trial* before the Judge who heard the case on the trial, and who made such a charge to the jury.

*Shannon, Brown, Allison*, for appellant:

That the said Court of Common Pleas, and the Justices thereof, shall, and lawfully may, have, hold, use and exercise, all and singular the powers, jurisdictions and authorities in all civil causes within this province, in as full and ample manner, to all intents and purposes whatever, as the Court of Common Pleas at Westminster, and the Justices thereof, do, can, or lawfully may there have, hold, use, exercise, and enjoy.—Act of 1737, 7 Stat., 190.

It shall be the duty of the Court of Appeals to make all such further and other rules and regulations as may be necessary to carry this Act, and all parts of all former Acts hereby retained, applicable to the Appeal Courts heretofore existing, into effect.—Act of 1824, 7 Stat., 326.

*Court of Errors.* And it shall be the duty of the Judges to make all proper rules and regulations for the practice of the said Court of Errors, and for the mode of bringing causes before them.—Act of 1836, 7 Stat., 341.

The following is one of the recent rules of the Court of Common Pleas, made and adopted in Westminster, England, at Hilary Term, in the year 1834, viz:—Action on the case—"In this form of action against a carrier the plea of *not guilty* will operate as a denial of the loss or damage, but not of the receipt of the goods by the defendant as a carrier for hire, or of the purpose for which they were received."

The following is a rule of our own Court, adopted in 1837—(87 Rule, Miller's Compilation, p. 46,) viz: "All cases not provided for in any of the foregoing rules, shall be governed by the practice of the Court of Common Pleas at Westminster, so far as they are consistent with the laws of this State."

*Clark & Connors*, contra.

The opinion of the Court was delivered by

WILLARD, A. J.   The Circuit Court has granted a new trial for error of law alone, and an appeal is taken from such order.   The error which induced the granting of the new trial, was a ruling, excluding the defendants in action upon the case against him as a common carrier, from giving proof, tending to show that he did not occupy the situation of a common carrier to the plaintiff in the transactions out of which the action arose.

The ruling in question proceeded upon the idea, that under the operation of Rule 87, (Miller's Comp.,) to the effect that "all cases not provided for in any of the foregoing rules, shall be governed by the practice of the Court of Common Pleas at Westminster, so far as they are consistent with the laws of this State," a rule adopted by the Court of Common Pleas at Westminster, in 1834, as follows— "Action on the case": "In this form of action against a common carrier, the plea of not guilty shall operate as a denial of the loss or damage, but not of the receipt of the goods by the defendant as a carrier for hire, or for the purpose for which they were received," is operative in this State.

We have been unable to find any evidence that the rule in question has been recognized or applied in the practice of this State. But apart from the proof afforded by so long a course of practice under the 87th rule of its true construction, it is clear that it was not intended to operate so as to unsettle the rules of pleading theretofore of force in this State.

The Code of Rules, of which the 87th is part, did not assume to make any alteration in the rules of pleading as established.   A

regulation of the character involved in the English rule lays entirely outside of the scope of the rules adopted for this State.

In order to render of force, under our 87th Rule, a rule of the English Court, it should appear, first, that it relates to a matter within the scope of the provisions of our own rules, and forming part of the subject treated of by them; second, that it was overlooked in the forming of our rules; and, third, that it is in harmony with our laws, using the term laws in an enlarged sense as embracing the established procedure of this State.

It is evident that the rule in question is not entitled to be so considered.

The order for a new trial was properly granted, and under Section 1 of the Code of Procedure, the respondent is entitled to judgment absolute in the action.

The appeal must be dismissed, and the cause remanded to the Circuit Court for such proceedings as may be required to render such judgment effectual.

*Wright,* A. J., concurred.

*Moses,* C. J., absent at the hearing.